**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 2:23-cr-00037 |
| | ) |
| JOSEPH BOURABAH, | ) |
| | ) |
| *Defendant.* | ) |

**DEFENDANT'S SUPPLEMENTAL POSITION
WITH RESPECT TO SENTENCING FACTORS**

COMES NOW the defendant, Joseph Bourabah, by counsel, and hereby submits his Supplemental Position with Respect to Sentencing Factors pursuant to this Honorable Court's Order (ECF No. 77) that placed the parties on notice of the Court's intent to consider an upward departure and allow supplemental briefing concerning this issue. For the reasons stated below, the defendant respectfully requests for the Court to refrain from imposing an upward departure and to sentence him at the low end of the guideline range.

Mr. Bourabah comes before this Court for sentencing on five counts of Cyberstalking (pursuant to an Alford plea on the first day of trial) in violation of 18 U.S.C. § 2261A(a)(B), a Class D Felony. The defendant's guideline range was calculated to be 41 to 51 months, but the United States Probation Officer stated in the Presentence Investigation Report ("PSR") that an upward departure may be warranted based on USSG 5K2.0(a)(2)(A) "due to circumstances not adequately taken into consideration in determining the applicable guideline range…[and] pursuant to 5K2.3 and 5K2.8." (PSR ¶ 98.) The Government requested a 7-level upward departure (resulting in a guideline range of 87-121 months), a specific sentence of 96 months, and three years of supervised release. (ECF No. 74.)

USSG § 5K2.0(a)(2)(A) provides that an upward departure may be based on "some of the circumstances that the Commission may have not adequately taken into consideration in determining the applicable guideline range…" including those identified in the defendant's PSR: (a) Extreme Psychological Injury (USSG § 5K2.3); and, (b) Extreme Conduct (USSG § 5K2.8). In addition to the arguments presented in Mr. Bourabah's previously filed Position with Respect to Sentencing Factors (ECF No. 73), the defense further states that an upward departure is not warranted in this matter for the reasons below.

A. **Extreme Psychological Injury – USSG § 5K2.3**

An upward departure based on USSG § 5K2.3 (Extreme Psychological Injury) is available where the defendant's alleged victims "suffered psychological injury *much more serious* than that normally resulting from commission of the offense...." *See,* USSG § 5K2.3 (emphasis added). "Normally, psychological injury would be sufficiently severe to warrant application of this adjustment only when there is a substantial impairment of the intellectual, psychological, emotional, or behavioral functioning of a victim, when the impairment is likely to be of an extended or continuous duration, and when the impairment manifests itself by physical or psychological symptoms or by changes in behavior patterns." *Id.*

Here, even assuming that Mr. Bourabah's alleged victims suffered psychological injuries as a result of his alleged conduct, section 5K2.3 should not apply because there is no evidence that any of the alleged victims suffered psychological injury "much more serious than that normally resulting from commission of the offense." *Id., see also, United States v. Hefferon*, 314 F.3d 211, 228 (5th Cir. 2002) (affirming an upward departure in a child sex case where the victim's doctor testified that the victim would suffer long-term psychological effects that were excessively severe and where the doctor indicated that the victim's trauma was the most severe of anybody she had

ever treated); *compare, United States v. Bond,* 22 F.3d 662, 671-72 (6th Cir. 1994) (reversing the district court's decision to impose an upward departure because the victims of a bank robbery suffered anxiety for several weeks after the robbery, which "would not be unusual for any victim of an armed bank robbery").

Similar to the victim in *Bond,* the alleged victims in this case appear to have suffered psychological injuries in-line with what would be expected of cyberstalking victims. For example, the Government's Position on Sentencing (ECF No. 74) focuses on five alleged victims, all of whom allegedly suffered similar psychological issues as a result of the defendant's alleged behavior: depression, anxiety, and/or post-traumatic stress disorder ("PTSD"). These disorders are what would be expected of cyberstalking victims, and are not "much more serious than that normally resulting from commission of the offense." Further evidence of the normative nature of these psychological injuries is the fact that all of the defendant's alleged victims suffered similar psychological injuries. Therefore, because all of the alleged victims suffered similar injuries, the claim cannot be made that any of the alleged victims suffered injuries "much more serious" than what would normally be experienced by an alleged victim of cyberstalking. While not minimizing the significance of the alleged victims' psychological injuries, they do not rise to the level contemplated by USSG § 5K2.3, and therefore an upward departure is not warranted.

      B.      **Extreme Conduct – USSG § 5K2.8**

An upward departure based on USSG § 5K2.8 (Extreme Conduct) is available where the defendant's alleged conduct was "unusually heinous, cruel, brutal, or degrading to the victim…[e]xamples of [which]…include torture of a victim, gratuitous infliction of injury, or prolonging pain or humiliation." *See,* USSG § 5K2.8. Here, the defendant's alleged conduct in

this matter can be described in a number of negative ways, but it simply does not rise to the level of "heinous, cruel, brutal, or degrading to the victim" within the meaning of section 5K2.8.

A review of federal case law provides instructive examples of fact patterns – each more egregious than the case at bar – where an upward departure was found to be appropriate. *See, United States v. Wallace*, 605 F.3d 477, 479 (8th Cir. 2010) (affirming an upward departure where the defendant imprisoned and prostituted a mentally disabled young woman and inflicted injuries upon the victim with knives and cigarettes, forcing the victim to drink urine and perform an act of bestiality); *United States v. Baker,* 339 F.3d 400, 406 (6th Cir. 2003) (affirming an upward departure in a bank robbery case where the defendant shot a bank security guard after he raised his arms to surrender, kicked his wounded body until he passed out, and then shot him again when he revived); *United States v. Bonetti,* 277 F.3d 441, 449-51 (4th Cir. 2002) (affirming an upward departure where the defendant, convicted of harboring an illegal alien, brought the victim to the United States and for 15 years kept control of her visa and passport, kept her in virtually slave-like conditions, did not pay her, forced her to work as many as 15 or more hours a day, and allowed his wife to abuse her); *United States v. Johnson,* 144 F.3d 1149, 1150-51 (8th Cir. 1998) (affirming an upward departure where the defendant threatened the victim and a male co-worker with a sawed-off shotgun and forced them to disrobe, repeatedly forced the female victim to perform oral sex, penetrated her, left her lying naked on the floor, and threatened to kill her if she called the police); *United States v. Clark*, 45 F.3d 1247, 1252-53 (8th Cir. 1995) (affirming an upward departure in a carjacking case where the defendant held a gun to the victim's head, traveled around with the victim still in the car, robbed him, and repeatedly told him he was going to die).

Similar examples of "extreme conduct" to those described in the cases above are not present here. For example, there is no allegation that Mr. Bourabah personally assaulted or

4

physically harmed any of his alleged victims.  In fact, there was no violence in this case at all.  Moreover, while W.R. (an alleged victim) may have the best claim to have suffered harm by the defendant's alleged conduct in sending nude/pornographic images of W.R. to her family/friends, those images were voluntarily created by W.R. and released on the internet with W.R.'s consent.  It would be a stretch for W.R. to now claim that she was humiliated by the lurid content she voluntarily created and agreed to release on the internet.  Finally, while an argument can be made that the defendant should be subject to an upward departure based on the "extreme" "frequency" and "length" of his alleged conduct (as argued by the Government, ECF No. 74, pg. 11), these are not factors contemplated by USSG § 5K2.8 as warranting an upward departure.

Based on the foregoing – and on the additional arguments made in defendant's position paper and anticipated at sentencing – Mr. Bourabah should not be subject to an upward departure.  This is especially true in light of the fact that he has no meaningful criminal history and there was no actual violence alleged to have occurred as a result of his alleged offenses.  Mr. Bourabah thus requests for this Honorable Court to impose a sentence at the low end of his Guideline Range of 41 to 51 months because such a sentence is "sufficient, but not greater than necessary," to accomplish the purpose of sentencing set forth in § 3553(a)(2).

        By: /s/_____
            Anthony M. Gantous
            Virginia State Bar No. 78186
            ANCHOR LEGAL GROUP, PLLC
            5101 Cleveland Street, Suite 100
            Virginia Beach, VA 23462
            Telephone: (757) 529-0000
            Facsimile: (757) 909-7241
            Email: anthony@anchorlg.com

            *Counsel for Defendant Joseph Bourabah*

**CERTIFICATION OF SERVICE**

   I hereby certify that on the 29th day of April 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.  I also emailed a copy of the foregoing to the U.S. Probation Officer assigned to the case: Tara Gill, tara_gill@vaep.uscourts.gov.

                /s/_____
                Anthony M. Gantous, VSB# 78186
                ANCHOR LEGAL GROUP, PLLC
                5101 Cleveland Street, Suite 100
                Virginia Beach, VA 23462
                Telephone: (757) 529-0000
                Facsimile: (757) 909-7241
                Email: anthony@anchorlg.com

                *Counsel for Defendant Joseph Bourabah*